Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 5034 | **DATE** | October 1, 2004 |
| **CASE TITLE** | U.S. ex rel. Anthony Guest # N32658 v. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner's *ex parte* letter to the court, construed as a motion to reopen the time to file an appeal, is granted [156]. Petitioner's motion for leave to file *instanter* a request for certificate of appealability is granted [162]. Petitioner's request for certificate of appealability is denied [163]. Petitioner's motion for appointment of counsel is also denied [160]. Petitioner's motion for leave to appeal in *forma pauperis* is granted [161]. The clerk is directed to send a copy of this order to the trust fund officer at Menard Correctional Center. The clerk shall send a copy of this order directly to petitioner in addition to any counsel of record. Enter memorandum opinion and order.

(11) ☐ [For further detail see attached order]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 4 - 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 164 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JST | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ) | |
| ANTHONY GUEST, # N-32658, ) | |
| ) | |
| Petitioner, ) | No. 95 C 5034 |
| v. ) | |
| ) | Judge William J. Hibbler |
| THOMAS PAGE, Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | OCT 4 - 2004 |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner's motions (1) for leave to appeal in *forma pauperis*; and (2) for appointment of counsel; (3) to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(6)(a); and (4) to file *instanter* a request for certificate of appealability. The Court will address each in turn.

1. Motion to Proceed in *Forma Pauperis*

Petitioner has filed a motion to proceed in *forma pauperis*, claiming that he is unable to pay the filing fees required for appeal. The Court grants petitioner's motion for leave to appeal in *forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assess a partial filing fee of $19.01. The trust fund officer at petitioner's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from petitioner's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where petitioner is confined is authorized to collect monthly payments from his trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments

1

164

collected from petitioner's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $255 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify petitioner's name and the case number assigned to this action.

2. Motion for Appointment of Counsel

Petitioner requests that the Court appoint counsel to represent him on appeal. Petitioner's request is denied for lack of jurisdiction; petitioner must direct his motion to the court of appeals, not the district court.

3. Motion to Reopen the Time to File an Appeal

On August 13, 2004 petitioner filed a *pro se, ex parte* letter, in which petitioner claimed that he never received notice of this Court's March 23, 2004 order denying his petition for habeas corpus. The Court construed petitioner's letter as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(6)(a), and ordered petitioner's former counsel, and respondent, to respond within 14 days. On September 13, 2004, petitioner's counsel filed a response acknowledging that they did not personally notify petitioner of this Court's judgment, but mistakenly assumed that he was aware of its entry, and urged this Court to grant petitioner leave to appeal. Respondent raises no objection. Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, if the following conditions are met:

> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the

2

  judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
(C) the court finds that no party would be prejudiced.

Petitioner's motion, filed August 13, 2004, states that he learned of the Court's March 23, 2004 judgment on August 9, 2004. Petitioner's request is therefore within 180 days after the judgement was entered, and within 7 days after he received notice. Next, based on petitioner's, and his former counsel's, representations, the Court finds that petitioner was entitled to notice of the entry of the judgment, but did not receive notice within 21 days after its entry. Lastly, as no party has objected, the Court finds that no party would be prejudiced by allowing petitioner to exercise his right to appeal. Because all the requirements of Rule 4(a)(6) have been met, petitioner's motion to reopen the time to file an appeal is granted.

  4. Motion to File *Instanter* a Request for Certificate of Appealablity

On September 15, 2004, petitioner filed a motion for leave to file *instanter* a request for a certificate of appealability. Having reopened the time to file an appeal, the Court grants petitioner's motion. "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that the petitioner "demonstrate that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,*

529 U.S. 473, 484 (2000) (internal quotation omitted).

Petitioner raised two claims in his petition for a writ of *habeas corpus*: (1) that his counsel was constitutionally ineffective; and (2) the trial judge was biased against him. Petitioner seeks review of both claims. In his petition, petitioner argued that his trial counsel wholly failed to subject the State's case to meaningful adversarial testing. But, as the Court explained, the record confirms that trial counsel participated in all stages of the proceedings, raising objections, moving for a mistrial, and pursuing a defense theory during opening and closing arguments. Accordingly, as the trial record contradicts petitioner's claim of *per se* ineffectiveness, the Court concludes that reasonable jurists could not debate whether the petition should have been resolved in a different manner. Next, petitioner argued that he was denied a fair trial because the trial judge was biased against him. Petitioner raised a from of judicial bias known as "compensatory" bias, and the Court found that he failed to produce sufficient evidence of actual bias to support his claim. As the Court explained, petitioner's evidence was bereft of detail, and mainly comprised of hearsay and conjecture. Because petitioner failed to produce evidence demonstrating that the trial judge was actually bias against him, the Court concludes that reasonable jurists could not debate whether the petition should have been resolved in a different manner. Thus, petitioner's request for a certificate of appealability is denied in its entirety.

## CONCLUSION

Petitioner's motion for leave to appeal in *forma pauperis* is GRANTED. Petitioner's motion for appointment of counsel is DENIED. Petitioner's *ex parte* letter to the court, construed as a motion to reopen the time to file an appeal, is GRANTED. Petitioner's motion for leave to file

*instanter* a request for certificate of appealability is also GRANTED. Petitioner's request for certificate of appealability is DENIED.

ENTER:

Dated: October 1, 2004

William J. Hibbler
UNITED STATES DISTRICT COURT